IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SEAN SHURELDS,               :          CIVIL ACTION
          Plaintiff,        :
                            :
          v.                :          No. 25-cv-1550
                            :
SAFECO INSURANCE,       :
*a/k/a* LIBERTY MUTUAL,   :
          Defendant.     :

## MEMORANDUM OPINION

**CRAIG M. STRAW**                            **July 29, 2025**
**UNITED STATES MAGISTRATE JUDGE**

On February 24, 2025, Plaintiff Sean Shurelds ("Shurelds" or "Plaintiff") filed a pro se civil complaint against Defendant, Safeco Insurance ("Defendant") in the Philadelphia Court of Common Pleas. Doc. 1-1. Defendant removed the matter to federal court on March 24, 2025, and the parties consented to magistrate jurisdiction shortly thereafter.[1] Docs. 1, 10, 11. Before this Court is Defendant's motion to dismiss for failure to state a claim. Doc. 8. Plaintiff filed a response. Doc. 12. Defendant did not file a reply. For the following reasons, Defendant's motion to dismiss for failure to state a claim (Doc. 8) is hereby **GRANTED**. Count I of Plaintiff's complaint is dismissed without prejudice. Plaintiff has sixty (60) days to amend Count I of the complaint to cure deficiencies related to a 43 Pa. Cons. Stat. Ann. § 8371 (1990) bad faith claim. Counts II and III of the complaint are dismissed with prejudice.

---

[1] See 28 U.S.C. §§ 636(c), 1332, 1441, 1446 & Fed. R. Civ. P. 73

I.      **FACTUAL AND PROCEDURAL HISTORY**

Plaintiff purchased a landlord protection policy from the Defendant for Plaintiff's property at 3850 North Darien Street, Philadelphia.  Doc. 1-1, at 6; Doc. 8-2, at 3.[2]  The policy began on November 28, 2023, and ended on November 28, 2024.  Doc. 8-2, at 3.  During the period of coverage, Plaintiff's tenant abandoned the property with nine months remaining on the lease and left unauthorized occupants in the property.  Doc. 1-1, at 6.  Plaintiff alleges that the unauthorized occupants caused severe property damage, "including but not limited to ceilings, walls, closets, carpeting, hardwood flooring, appliances, kitchen cabinet doors, and flooding-related damage."  Id.  Plaintiff submitted a claim to Defendant for the alleged damage caused by the unauthorized occupants, resulting in claim number 05219933.  Id.  After the claim was opened, Defendant's field adjuster inspected the property and denied the claim citing the damage was normal "wear and tear."  Id.  Plaintiff subsequently submitted four additional claims, claim numbers 05837122, 056193905, 057183194, and 055996390.  Id. at 6-7.  Plaintiff also filed claim number 05837122 at the instruction of Defendant's manager, instead of amending claim number 05219933.  Id. at 7.  All five claims were denied.  Id.  Meanwhile, claim number 05837122 was referred to a detective in York, Pennsylvania after Defendant's claim investigator reported the claim for insurance fraud.  Id.

Plaintiff additionally noted in his complaint that Defendant falsely recorded a payout of $197,000.00, although $89,000.00 was paid for a previous fire claim.  Id.  Plaintiff also filed two complaints with the Pennsylvania Insurance Department.  Doc. 1-1, at 7, 10.  After an

---

[2] All pin cites for CM/ECF documents refer to the CM/ECF pagination generated at the top of the page.

investigation, the Pennsylvania Insurance Department found, "[t]here is no insurance statute violated by the company's actions." Id. at 10, 11.

On February 24, 2025, Plaintiff filed suit in the Philadelphia Court of Common Pleas alleging bad faith insurance practices, fraudulent misrepresentation, and negligence. Id. at 7. Count I, bad faith insurance practices, asserts that Defendant engaged in bad faith insurance practices by failing to investigate Plaintiff's claims in a reasonable manner, and that Defendant wrongfully denied valid claims, misrepresented facts, and subjected Plaintiff to undue hardship. Id. Count II, fraudulent misrepresentation, states that Defendant knowingly made false statements regarding claim payments and intentionally manipulated claims to avoid payouts. Id. Plaintiff also claims that Defendant's fraudulent actions resulted in significant financial and emotional harm due to Plaintiff's Multiple Sclerosis ("MS"). Id. Count III, negligence, alleges that Defendant had a duty to handle Plaintiff's claims in good faith and with due diligence, Defendant breached that duty by improperly denying claims, falsely accused Plaintiff of fraud, and failed to act in a timely and reasonable manner. Id. As a result of Defendant's actions, Plaintiff states he has suffered emotional distress, mental anguish, financial loss, property damage, reputational harm, and costs to secure the property and remove squatters. Id. at 8. Plaintiff requests $5,000,000.00 in damages for pain and suffering, property loss, and financial hardship. Id. at 8. Additionally, Plaintiff seeks punitive damages. Id.

On March 24, 2025, Defendant removed the matter to federal court. Doc. 1. Defendant now moves to dismiss Plaintiff's complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Doc. 8. Defendant argues that Plaintiff's complaint is legally insufficient, lacks factual support, is a threadbare recital of legal conclusions, and only provides conclusionary statements.

Doc. 8-1, at 9.  In response to Defendant's motion to dismiss, Plaintiff filed various pictures of the property and medical information.  Doc. 12.

## II.    <u>LEGAL STANDARD</u>

Under the Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for failing to state a claim upon which relief can be granted.  A complaint must contain a "short plain statement of the claim showing that the pleader is entitled to relief" sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8.  To survive a motion to dismiss, a complaint must include sufficient factual matter, taken as true, to show that the claim is facially plausible.  <u>See Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556); <u>see also</u> <u>Dietz v. Liberty Mut. Ins. Co.</u>, No. 20-cv-1239, 2020 WL 3414660, at *1 (E.D. Pa. June 22, 2020) (citing <u>Warren Gen. Hosp. v. Amgen Inc.</u>, 643 F.3d 77, 84 (3d Cir. 2011)) ("In considering a motion to dismiss, the court must accept all well-pleaded allegations as true and construe them in the light most favorable to the plaintiff.").  "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 556 U.S. at 678.  If a claim "is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." <u>Phillips v. Cty. of Allegheny</u>, 515 F.3d 224, 236 (3d Cir. 2008) (citation omitted).

III.    **DISCUSSION**

A.  **Bad Faith Insurance Practices**

Under Pennsylvania law, a party may recover certain damages if an insurer acted in bad faith.  See 43 Pa. Con. Stat. Ann. § 8371 (1990).  Recoverable damages for statutory bad faith claims asserted under § 8371 are limited to: (1) interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%, (2) punitive damages, and (3) court costs and attorneys fees.  Id.  To establish a bad faith insurance claim under § 8371, a plaintiff must establish "by clear and convincing evidence, (1) the insurer did not have a reasonable basis for denying benefits under the policy, and (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis in denying the claim."  Rancosky v. Washington Nat'l Ins. Co., 642 Pa. 153, 176 (2017).  Importantly it is, "the manner in which insurers discharge their duties of good faith and fair dealing during the pendency of an insurance claim" that formulate a § 8371 bad faith claim.  Wolfe v. Allstate Prop. & Cas. Ins. Co., 790 F.3d 487, 499 (3d Cir. 2015) (quoting Berg v. Nationwide Mut. Ins. Co., 44 A.3d 1164, 1178 (Pa. Super. Ct. 2012)).  The Pennsylvania Superior Court defines insurance bad faith generally as,

> [A]ny frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e. good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

1009 Clinton Props., LLC v. State Farm Fire and Cas. Co., No. 18-5286, 2019 WL 1023889, at *4 (E.D. Pa. Mar. 4, 2019) (quoting Terletsky v. Prudential Prop. and Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994)); see also Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d

230, 233 (3d Cir. 1997) (noting plaintiff does not need to show insurer acted with ill will or self-interest to succeed on a bad faith claim).

Alternatively, Pennsylvania common law allows a party to assert a cause of action for a breach of the contractual duty to act in good faith.  See Ash v. Cont'l Ins. Co., 593 Pa. 523, 534-35 (2007) (finding action under § 8371 is a separate claim from common law breach of the contractual duty of good faith).  To establish a breach of the contractual duty of good faith under Pennsylvania law, "a plaintiff must plead: (1) the existence of a contract, including its essential terms; (2) that defendant failed to comply with the covenant of good faith and fair dealing by breaching a specific duty imposed by the contract *other than the covenant of good faith and fair dealing,* and (3) that resultant damages were incurred by plaintiff. . . ."  Sheinman Provisions, Inc. v. Nat'l Deli, LLC, No. 08-cv-453, 2008 WL 2758029, at *3 (E.D. Pa. Jul. 15, 2008) (alteration in quote).  In essence, "where an insurer acts in bad faith, by unreasonably refusing to settle a claim, it breaches its contractual duty to act in good faith and its fiduciary duty to its insured."  Id.  Compensatory damages are available for a breach of the common law contractual duty to act in good faith.  Id.; see D'Ambrosio v. Pennsylvania Nat'l Mut. Cas. Ins. Co., 431 A.2d 966, 970-71 (Pa. 1981), superseded in part by statute, Actions on Insurance Policies, Pub. L. 11 No. 6, 43 Pa. Con. Stat. Ann. § 8371 (1990), as recognized in Polselli v. Nationwide Mut. Fire Ins. Co., 126 F.3d 524 (3d Cir. 1997) (noting possibility of recovering emotional distress damages from contractual breach where breach would likely result in serious emotional disturbance).

Plaintiff alleges that Defendant engaged in bad faith insurance practices by "failing to investigate Plaintiff's claims in a fair and reasonable manner."  Doc. 1-1, at 7.  Plaintiff also alleges that "[d]efendant wrongfully denied valid claims, misrepresented material facts, and

subjected Plaintiff to undue hardship." Id. Defendant argues that Plaintiff fails to plead

sufficient facts to establish a statutory bad faith claim. Doc. 8-1, at 6. Specifically, Defendant

contends that Plaintiff fails to identify any of Defendant's actions that would amount to bad faith

conduct. Id. Regarding the common law breach of the contractual duty to act in good faith,

Defendant argues that Plaintiff failed to mention the covenant of good faith and fair dealing and

failed to allege that any provision of the policy was violated. Id. at 6-7.

The Court agrees with Defendant on both fronts for slightly different reasons than those

Defendant presented. As to Plaintiff's § 8371 claim,[3] Plaintiff provides conclusory statements

without specifically identifying what claims are at issue and what actions constitute Defendant's

bad faith conduct. For example, Plaintiff states that Defendant acted in bad faith by wrongfully

denying valid claims. Doc. 1-1, at 7. While Plaintiff provides multiple claim numbers, the

subject matter and context of those claims is unclear. It is unclear what claims were "valid" but

denied, and what Plaintiff is asking the Defendant to cover under the policy. The Court cannot

decipher if the claims are all for property damage, lost rent, what property damage is associated

with each claim, or the grounds for the denial of each claim.[4] Id.; see Twombly, 550 U.S. at 555

(2007) (quoting Conley, 355 U.S. at 47 (1957)) (noting pleading must give defendant fair notice

of what claim is and grounds upon which it rests).

_____

[3] Although Plaintiff does not explicitly plead a § 8371 claim or a breach of contract claim, the
Court construes Plaintiff's "bad faith" claim liberally and addresses both claims. See Erickson v.
Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)) ("A
document filed pro se is 'to be liberally construed. . . . [A] pro se complaint, however inartfully
pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'").
[4] Plaintiff provides some guidance in his response to Defendant's motion to dismiss by listing
some claim numbers on pictures of the alleged damage. Doc. 12. Plaintiff specifically notes
claim numbers 055996390 and 058371722 in the picture submissions. Doc. 12. It is unclear,
however, if each claim is associated with the bad faith claim, on what grounds each claim
was denied, and the subject matter of the other unidentified claim numbers. Plaintiff only provides
that one claim, no. 05821993, was denied as "wear and tear." Doc. 1-1, at 7.

Additionally, Plaintiff provides a conclusory statement in his complaint that Defendant wrongfully denied claims and misrepresented material facts. Id.; see Toner v. GEICO Ins. Co., 262 F. Supp. 3d 200, 208 (3d Cir. 2017) (citing Atuyeh v. Nat'l Fire Ins. Co. of Hartford, 742 F. Supp. 2d 591, 600 (E.D. Pa. Sept. 27, 2010)) (regarding a motion to dismiss, "[a] plaintiff cannot merely say that an insurer acted unfairly, but instead must describe with specificity what was unfair."). Even taken as true that Plaintiff's tenant left unauthorized squatters on the property which resulted in damage and that Defendant wrongfully denied the claim associated with that damage, it is unclear from the few facts provided in the complaint how Defendant's investigation and determination was unreasonable or how Defendant acted in bad faith when denying the claim.[5] Additionally, Plaintiff notes that Defendant's manager caused unnecessary procedural delays and additional distress by requiring Plaintiff to refile the claim denied as "wear and tear" instead of amending the claim. Doc. 1-1, at 7. Plaintiff, however, fails to provide any facts regarding the delay, the length of the delay, or the resulting damage. See Smith v. State Farm Mut. Auto. Ins. Co., 506 Fed. App'x 133, 136 (3d Cir. 2012) (affirming dismissal of insurance bad faith claim that pled conclusory statements without facts). Because Plaintiff provides threadbare factual support for his statutory bad faith claim, Plaintiff's statutory claim must be dismissed without prejudice with a chance to amend his complaint.[6] See Iqbal, 556 U.S. at 678.

---

[5] Plaintiff submitted various pictures of the home and medical documentation in response to the motion to dismiss. Doc. 12. Of importance, Plaintiff submitted an "estimate" of the damage the alleged squatters caused. Doc. 12-2, at 1; Doc. 12-4, at 1. Notably, the document does not indicate the contractor's name, nor did the individual providing the estimate sign it. Id.

[6] See Phillips v. Cty. of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008) (stating that a claim vulnerable to a 12(b)(6) dismissal must be given a curative amendment, unless an amendment would be inequitable or futile). Here, Plaintiff's bad faith claim's factual support falls short of the pleading requirement due to a lack of detail. The Court finds that a curative period limited to Count I of the complaint is appropriate because Plaintiff is within the statute of limitations for a bad faith claim, is proceeding pro se, and it appears to this Court, reading the complaint as a whole, that Plaintiff intends to assert a § 8731 bad faith claim. See discussion infra sections

Lastly, Plaintiff does not provide any facts that would lead the Court to reasonably believe he is claiming a breach of the contractual duty to act in good faith. See Doc. 1-1. Notably, Plaintiff does not assert that Defendant failed to perform or breached any provision of the insurance contract. Id. Additionally, the complaint is devoid of facts that could lead the Court to reasonably believe that Plaintiff may succeed on a claim asserting a breach of the contractual duty to act in good faith. Thus, any claim for a breach of the contractual duty to act in good faith is dismissed with prejudice.

**B. Fraudulent Misrepresentation**

In tort, plaintiffs may recover compensatory and punitive damages for intentional misrepresentations. See Restatement (Second) of Torts § 908; see also McClellan v. Health Maint. Org. of Pa., 604 A.2d 1053, 1061 (Pa. Super. Ct. 1992). To succeed on an intentional misrepresentation claim the plaintiff must establish "(1) [a] representation, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false, (4) with the intent of misleading another into relying on it, (5) justifiable relance on the misrepresentation, and (6) the resulting injury was proximately caused by the reliance." Heritage Surveyors & Eng'rs., Inc. v. Nat'l Penn Bank, 801 A.2d 1248, 1250-51 (Pa. Super. Ct. 2002). "[F]raud consists of anything calculated to deceive, whether by single act or combination, or by suppression of truth, or suggestion of what is false, whether it be by direct falsehood or by innuendo, by speech or silence, word of mouth or look or gesture." Id. (citing Moser v. DeSetta, 589 A.2d 679, 682 (Pa. 1991)). When pleading fraud or mistake in federal court the party must, "state with particularity the circumstances constituting fraud or

---

III.B, III.C; see also Ash v. Cont'l Inc. Co., 593 Pa. 523, 526-36 (2007) (noting a two-year statute of limitations for § 8371 claims and a four-year statute of limitations for breach of contract claims).

mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged

generally." Fed. R. Civ. P. 9(b).  Although F.R.C.P. 9(b) may be satisfied by pleading the details

of the fraud such as a specific date, location, and time, plaintiff may also satisfy the requirement

by using "alternative means of injecting precision and some measure of substantiation into their

allegations of fraud." Humana, Inc. v. Indivior, Inc., Nos. 21-2573, 21-2574, 2022 WL

17718342, at *3 (3d Cir. 2022) (citing In re Rockefeller Ctr. Props., Inc. Sec. Litig., 311 F.3d

198, 216 (3d Cir. 2002) (citing In re Nice Sys., 135 F. Supp. 2d 551, 577 (D.N.J. 2001)).

Here, Plaintiff states that, "Defendant . . . knowingly made false statements regarding

claim payments and intentionally manipulated claims to avoid payouts." Doc. 1-1, at 7.  Plaintiff

also claims that "Defendant's fraudulent actions resulted in significant financial and emotional

harm to Plaintiff, due to MS relapse." Id.  Defendant counters that the economic loss doctrine

bars Plaintiff's claim and that he fails to sufficiently plead a fraudulent misrepresentation claim.[7]

Doc. 8-1, at 8-10.  As noted above, a fraudulent misrepresentation claim involving a contract

---

[7] "The economic loss doctrine 'prohibits plaintiffs from recovering in tort economic losses to
which their entitlement flows only from contract'" with a few exceptions. Reilly Foam Corp. v.
Rubbermaid Corp., 206 F. Supp. 2d 643, 658 (E.D. Pa. May 28, 2002) (quoting Werwinski v.
Ford Motor Co., 286 F.3d 661, 671 (3d Cir. 2002), abrogated by Earl v. NVR Inc., 990 F.3d 310,
312-14 (3d Cir. 2021) (holding economic loss doctrine does not bar claims for violation of
Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") and breach of
implied warranty of habitability).  If a party, however, commits fraud to induce another to enter a
contract, the economic loss doctrine does not apply. Reilly Foam Corp., 206 F.Supp.2d at 658;
see also id. at 658-59 ("Inducement claims remain viable only when a party makes a
representation extraneous to the contract, but not when the representations concern the subject
matter of the contract or the party's performance.").  Additionally, the Pennsylvania Supreme
Court and this Court have held the economic loss doctrine does not apply to causes of action
arising from a statutory basis. See Excavation Techs., Inc. v. Columbia Gas Co. of Pa., 985 A.2d
840, 842-43 (2009); Earl, 990 F.3d at 312-14.  Therefore, the economic loss doctrine is an
additional bar to Plaintiff's fraudulent misrepresentation claim.  As stated below, the duty owed
to Plaintiff arises solely from the existence of the insurance contract. See discussion infra
section III.C.  Plaintiff does not assert any exception which would render the economic loss
doctrine inapplicable here.

requires (1) a representation, (2) material to the transaction, (3) made with knowledge of its falsity or with recklessness as to its truth, (4) with the intent to mislead the other party, (5) the other party justifiably relied on the misrepresentation, and (6) there was a resulting injury.  See Heritage Surveyors & Eng'rs, Inc., 801 A.2d at 1250-51.  Plaintiff fails to assert any facts that Defendant intended to mislead Plaintiff or that Plaintiff relied upon the "misrepresentation" which resulted in damages.  Assuming the "false statements regarding claim payments" refer to Defendant recording a payout of $197,000.00, although $89,000.00 was paid for an unrelated claim, Plaintiff fails to explain how this error was used to deceive Plaintiff or how it fulfilled any elements of a fraudulent misrepresentation claim.  Doc. 1-1, at 6.  Thus, the Court is unable to draw a reasonable inference that Defendant is liable for fraudulent misrepresentation.  See Iqbal, 556 U.S. at 555.  Plaintiff's conclusory statements that Defendant manipulated claims to avoid payout without any supporting evidence or facts is insufficient to meet the 12(b) standard.  Id. at 678.  Overall, Plaintiff's fraudulent misrepresentation claim appears to mirror Plaintiff's bad faith claim instead of establishing a true fraudulent misrepresentation claim.  Based on the lack of factual support and Plaintiff's conclusory statements, Count II of Plaintiff's complaint is dismissed with prejudice.[8]

**C. Negligence**

Generally, to maintain a negligence claim a plaintiff must establish: "(1) the existence of a duty or obligation recognized by law; (2) defendant's breach of that duty; (3) a causal connection between the defendant's breach and the resulting injury; and (4) actual loss or damage

---

[8] Notably, if the Court accepted Plaintiff's pleading of fraudulent misrepresentation as is, Plaintiff's claim would be barred by the economic loss doctrine.  See supra note 7.  Thus, Plaintiff's fraudulent misrepresentation claim would be dismissed with prejudice because no relief could be granted.  See Fed. R. Civ. P. 12(b)(6).

suffered by the complainant." <u>Baker v. Solo Nightclub, LLC</u>, No. 11-2380, 2013 WL 1927052, at *4 (E.D. Pa. May 9, 2013) (citing <u>Orner v. Mallick</u>, 527 A.2d 521, 523 (Pa. 1987)).  However, the Pennsylvania Supreme Court established the gist of the action doctrine which applies to negligence claims based on a contractual agreement.  <u>See Bruno v. Erie Ins. Co.</u>, 630 Pa. 79, 107 (2014) (citing <u>Horney v. Nixon</u>, 213 Pa. 20 (1905)).  The court noted ". . . a negligence suit may not be bought for breaches of what are purely contractual duties (breach of contact), but . . . a claim may be brought against a party for actions taken in performance of a contractual duty, if those actions constitute a breach of a general duty of care created by law and owed to all the public (tort)." <u>Id.</u> (alteration in quoted material).  When determining if a claim arises from a breach of contract or tort, plaintiff's factual allegations are the critical determinative factor in determining the nature of the duty breached.  <u>Id.</u> at 111-12; <u>see</u> <u>Simon v. First Liberty Ins. Corp.</u>, 225 F. Supp. 3d 319, 324 (E.D. Pa. Dec. 5, 2016) (quoting <u>Downs v. Andrews</u>, 639 Fed. App'x 816, 819 (3d Cir. 2016)).  If the facts establish that:

> . . . the duty breached is one created by the parties by the terms of their contract—i.e., a specific promise to do something that a party would not ordinarily have been obligated to do but for the existence of the contract—then the claim is to be viewed as one for breach of contract. If, however, the facts establish that the claim involves the defendant's violation of a broader social duty owed to all individuals, which is imposed by the law of torts and, hence, exists regardless of the contract, then it must be regarded as a tort.

<u>Bruno</u>, 630 Pa. at 112 (citations omitted).  Importantly, if the claim arises solely out of the contractual obligations of the parties, the gist of action doctrine bars the negligence claim.  <u>Id.</u> at 107.

Plaintiff asserts a negligence claim against Defendant in Count III of his complaint.  Doc. 1-1, at 7.  Specifically, Plaintiff alleges that Defendant had a duty to handle Plaintiff's claim in good faith and with due diligence.  Moreover, Plaintiff asserts that Defendant breached its duty

by improperly denying claims, falsely accusing Plaintiff of fraud, and failing to act in a timely and reasonable manner. Id. As a result, Plaintiff avers he had to pay thousands of dollars to repair the property for new tenants. Id. Defendant argues that the gist of action doctrine bars Plaintiff's negligence claim because the duty owed to Plaintiff regarding his insurance claims arose solely out of the insurance contract and not a greater societal policy. Doc. 8-1, at 17. Alternatively, Defendant contends that Plaintiff failed to establish Defendant owed him a duty under tort law or allege sufficient facts to establish a negligence claim rooted in tort. Id. at 17-18.

The Court agrees with the Defendant. Plaintiff's negligence claim is based on Defendant's alleged failure to perform reasonably under the contractual policy agreement. Plaintiff specifically states that Defendant had a duty to handle claims in good faith and with due diligence. Here, Plaintiff merely repeats the legal conclusion of his bad faith claim. See Iqbal, 556 U.S. at 678. Additionally, the duty to handle claims arises solely from the contractual obligations agreed to by the parties. See Simon, 225 F. Supp. 3d at 325 (holding insurer's obligation to handle claims arises from the party's contractual agreement the insurer would not otherwise be bound by). Plaintiff additionally asserts that Defendant improperly denied claims and failed to act in a reasonable manner. Doc. 1-1, at 7. Again, both acts arise from and are governed by the coverage and procedures detailed in contractual agreement. See Simon, 225 F. Supp. 3d at 325 (holding insurer's alleged failure to investigate and adjust claims in a timely manner and promptly respond to inquiries were obligations arising solely from the contractual agreement); see also Daimon v. Penn. Mut. Fire Inc. Co., 372 A.2d 1218, 1226 (Pa. Super. Ct. 1977) (stating there is an implied promise in insurance contracts that the insurer will exercise reasonable care in investigating a claim, and plaintiff provided no broader societal duty owed, so

13

the duty to reasonably investigate arose solely from insurance contract).  Thus, Plaintiff's

attempt to repackage a breach of contract claim as a negligence tort claim is barred by the gist of

action doctrine.  See Simon, 225 F. Supp. 3d at 325-26 (citing Scott v. Foremost Ins. Co., No.

15–3257, 2015 WL 5818267, at *3 (E.D. Pa. Sept. 30, 2015) (citations omitted) (barring

plaintiff's negligence claim alleging defendant failed to properly investigate insurance claim and

adequately train its employees as such duties were only contractual); Fass v. State Farm Fire &

Cas. Co., No. 06–02398, 2006 WL 2129098, at *4 (E.D. Pa. July 26, 2006) (barring plaintiff's

negligence claim alleging defendant failed to appraise a claim and explain the limits of coverage

because the alleged breaches of conduct were based solely on duties that arose out of the

contractual obligation).  Thus, the gist of the action doctrine bars Plaintiff's negligence claim.

Count III of Plaintiff's complaint is hereby dismissed with prejudice.[9]

## IV.    **CONCLUSION**

For the reasons set forth above, Defendant's motion to dismiss pursuant to Fed. R. Civ. P.

12(b)(6) is hereby **GRANTED**.  Count I of Plaintiff's complaint is dismissed without prejudice.

Plaintiff has sixty (60) days to amend Count I of his complaint to cure the deficiencies outlined

in this opinion.  The amendment is limited to Plaintiff's § 8371 statutory bad faith claim.  Count

II and III of Plaintiff's complaint are dismissed with prejudice.  An appropriate order will follow.


BY THE COURT:


/s/ Craig M. Straw
CRAIG M. STRAW
U.S. Magistrate Judge

---

[9] The Court finds that allowing Plaintiff to amend this claim would be futile because the gist of
the action doctrine bars relief.  See Phillips, 515 F.3d at 236.

14