IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN SHURELDS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 25-cv-1550 |
| | : | |
| SAFECO INSURANCE COMPANY | : | |
| OF AMERICA, | : | |
| *a/k/a* LIBERTY MUTUAL, et al., | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

**CRAIG M. STRAW**                                                     **February 11, 2026**
**UNITED STATES MAGISTRATE JUDGE**

In February 2025, Plaintiff Sean Shurelds ("Plaintiff" or "Shurelds") filed a pro se

complaint against Defendant Safeco Insurance Company of America ("Safeco") in state court

alleging bad faith insurance practices, fraudulent misrepresentation, and negligence.  Doc. 1-1.

Safeco removed the matter to federal court and moved to dismiss all the claims.  Doc 8.  On July

29, 2025, this Court[1] allowed Plaintiff to file an amended complaint raising only his statutory bad

faith insurance practices claim and dismissed the remaining claims with prejudice.  Docs. 18, 19.

On August 8, 2025, Shurelds filed his First Amended Complaint raising only his statutory

bad faith insurance practices claim.  Doc. 21.  He then filed a motion for leave to file a Second

Amended Complaint to add emotional distress, slander, and witness tampering claims.  Doc. 36.

The Court allowed the emotional distress and slander claims to proceed.  Doc. 39.  Shurelds then

---

[1] The parties consented to the jurisdiction of a magistrate judge. See Docs. 9, 10; 28 U.S.C.
§§ 636(c), 1332, 1441, 1446 & Fed. R. Civ. P. 73.

filed a Second Amended Complaint asserting eight total claims.  Doc. 69.  The first claim was his statutory bad faith insurance practices claim. Doc. 69-1, at 1.  The other seven claims were new claims—none were claims for emotional distress or slander.  Doc. 69-1, Doc. 69-2, Doc. 69-3.  Safeco has moved to dismiss all the claims Shurelds raised in his Second Amended Complaint.  Docs. 74, 75.  For the following reasons, Safeco's motion to dismiss (Docs. 74, 75) is **GRANTED** in its entirety, and Shurelds' Second Amended Complaint is **DISMISSED** with prejudice.

## I.      BACKGROUND FACTUAL AND PROCEDURAL HISTORY

Shurelds purchased a landlord protection policy from Safeco for his property at 3850 North Darien Street in Philadelphia, Pennsylvania.  Doc. 1-1, at 6; Doc. 8-2, at 3.  The policy began on November 28, 2023, and ended on November 28, 2024.  Doc. 8-2, at 3.  During the period of coverage, Shurelds' tenant abandoned the property with nine months remaining on the lease and left unauthorized occupants in the property.  Doc. 1-1, at 6.  In his original complaint, Shurelds alleged that the unauthorized occupants caused severe property damage, "including but not limited to ceilings, walls, closets, carpeting, hardwood flooring, appliances, kitchen cabinet doors, and flooding-related damage."  Id.  Shurelds asserted he submitted an insurance claim to Safeco for the alleged damage, resulting in claim number 05219933.  Id.  After the claim was opened, Safeco's field adjuster inspected the property and denied the claim citing the damage was normal "wear and tear."  Id.  Shurelds subsequently submitted four additional claims to Safeco, resulting in claim numbers 05837122, 056193905, 057183194, and 055996390.  Id. at 6-7.  He also filed claim number 05837122 at the instruction of Safeco's manager, instead of amending claim number 05219933.  Id. at 7.  Safeco denied all five claims.  Id.  Meanwhile, claim number 05837122 was

referred to a detective in York, Pennsylvania after Safeco's claim investigator reported it for insurance fraud. Id.

On February 24, 2025, Shurelds filed suit against Safeco in the Philadelphia Court of Common Pleas alleging bad faith insurance practices, fraudulent misrepresentation, and negligence. Id. at 7. Safeco removed the matter to federal court and moved to dismiss Shurelds' complaint for failure to state a claim under Federal Rules Civil Procedure 12(b)(6). Doc. 8. In response to Defendant's motion to dismiss, Shurelds filed various pictures of the property and medical information. Doc. 12. On July 29, 2025, this Court granted Safeco's motion, and dismissed Shurelds' bad faith insurance claim without prejudice, and his fraudulent misrepresentation and negligence claims with prejudice. Doc. 19. Additionally, the Court gave Shurelds sixty days to refile his bad faith insurance practice claim. Id. Shurelds then filed his First Amended Complaint against Safeco alleging bad faith insurance practices based on a single claim for interior water damage at his property. Doc. 21. On August 19, 2025, Safeco filed its Answer and Affirmative Defenses to Shurelds' First Amended Complaint. Doc. 24.

During discovery, on September 29, 2025, Shurelds filed a "statement regarding potential witness interference," claiming that assistant counsel for Safeco, Attorney Meredith Schilling, attempted to bribe a witness to testify in a favorable manner against his case. Doc. 29. Shurelds asked the Court award him 3.5 million dollars in the form of punitive damages. Id. The following day, the Court ordered Safeco to respond. Doc. 30. Lead Counsel for Safeco, Attorney Jonathan MacBride, filed a letter denying the allegations and attached exhibits of email correspondence between Attorney Schilling and the witness. Doc. 31. Shurelds filed two briefs in response to the letter—neither of which contested the validity of the email correspondence. Doc. 33, 34. This

Court ultimately denied the requested relief on the allegations of witness tampering the following week.  Doc. 35.

On October 19, 2025, Shurelds sought leave to amend his complaint to add: emotional distress, witness tampering; and slander claims.  Doc. 36.  On November 13, 2025, the Court granted Shurelds leave to add claims of emotional distress and slander but not witness tampering. Doc. 39.  Additionally, the Court ordered Shurelds to refile his complaint by December 7, 2025. Id.  He did not comply with this deadline.  The Court then granted Shurelds another extension to file the complaint by January 7, 2026.  Doc. 63.

On December 31, 2025, Shurelds filed his Second Amended Complaint raising the bad faith insurance practices claim and seven additional claims against Safeco, none of which were claims for slander or emotional distress.  Doc. 69.  On January 6, 2026, Shurelds filed three additional motions to amend the complaint with various documents attached.  Doc. 70, 71, 72.  On January 13, 2026, without proper leave from this Court, Shurelds filed a Third Amended Complaint, raising three new claims against Safeco.[2]  Doc. 73.

---

[2] Shurelds' Third Amended Complaint is not properly before this Court because the Court previously denied by separate order his motions for leave to amend.  Doc. 98.  Even if the Court considered Shurelds' new claims on the merits, they are legally deficient and would be dismissed.

In the Third Amended Complaint, Shurelds alleges that "he submitted [claim number] 056193905 in February 2024 for covered property damage."  Doc. 73.  He asserts "the claim was valid, documented, and supported by evidence known to Safeco at all relevant times."  Id.  Shurelds alleges that "Joshua Tison, acting as Safeco's agent, falsely accused him of committing insurance fraud," to the police to terminate his "valid insurance claim" and "deprive him of contractual and property rights."  Doc. 73-1.  Shurelds alleges that he experienced "a reasonable and well-founded fear of arrest, detention and incarceration" based on these accusations.  Id.  Based on these allegations, Shurelds brings claims for: (1) violation of civil rights under 42 U.S.C. § 1983; (2) abuse of process; and (3) deprivation of property without due process.  Doc. 73-2.

In claim three, Shurelds raises a deprivation of due process based on Safeco's denial of his insurance claims.  See Doc. 73-2.  Because there is no constitutional right to full recovery on an

On January 14, 2026, Safeco filed a motion to dismiss Shurelds' Second Amended Complaint for failure to state a claim. Docs. 74, 75. Safeco also filed a response in opposition to Shurelds' three motions to amend on January 19, 2026. Doc. 77. Shurelds filed a response in opposition to Safeco's motion to dismiss. Doc. 76, 78. Thereafter, Safeco filed a reply in support of its motion. Id. Shurelds filed a sur-reply. Doc. 81. On January 24, 2026, Shurelds filed a Fourth Amended Complaint without the Court's approval.[3] Doc. 85. He then filed two additional motions for leave to amend. Doc. 86, 87. Thereafter, on January 27, 2026, Safeco filed a motion to dismiss Shurelds' Third Amended Complaint. Doc. 88. Shurelds responded in opposition to this motion. Doc. 89. On February 6, 2026, Safeco filed a response in opposition to Shurelds' motions to amend. Doc. 90.

## II.    ALLEGATIONS SET FORTH IN PLAINTIFF'S SECOND AMENDED COMPLAINT

In the Second Amended Complaint, Shurelds states that he "submitted a valid property insurance claim related to damage at 3850 North Darien Street, Philadelphia." Doc. 69. He alleges that "Safeco engaged in bad faith claims handling by misrepresenting facts, providing

---

insurance claim, Shurelds is not entitled to due process protection for his insurance claim. U.S. CONST. amend. XIV, § 1 (protecting persons from state action that deprives them of life, liberty or property, without due process of law); see Jarrett v. Twp. Bensalem, 312 F. App'x. 505, 508 (3d Cir. 2009) (stating that "[Insurance payouts]" are not a liberty or property interest, "under the Fourteenth Amendment."). As a result, claim three is without merit, and would have been denied. Claims one (violation of civil rights under 42 U.S.C. §1983) and two (abuse of process) are later addressed in this opinion and would have been denied on the same grounds as explained below.

[3] Shurelds alleges similar factual allegations in his proposed Fourth Amended Complaint as in his Second and Third Amended Complaints. See Doc. 69, 73, 85. He raises: (1) bad faith insurance practices; (2) fraudulent misrepresentation; (3) malicious prosecution; and (4) abuse of process claims. Doc. 85 at 2. Preliminarily, this complaint is not properly before this Court because the Court did not give him permission to file it. Doc. 98. Even if the Court considered the claims, the claims are deficient and would be dismissed for the reasons later addressed in this opinion.

shifting justifications for denial, and failing to conduct a reasonable investigation." Id.  Shurelds also alleged that Safeco "recycled previously denied, withdrawn, or contracted allegations in subsequent proceedings and "advanced knowingly false timelines, improperly reused claim numbers, and ignored documentary proof contradicting their position." Id.; Doc. 69-1.  Shurelds states that after this action commenced, Safeco "escalated its conduct from claim-based bad faith into litigation-based retaliation and obstruction." Doc. 69-1.  Specifically, he claims that "Safeco misused discovery procedures to delay proceedings rather than seek truth and filed evasive and boilerplate responses inconsistent with its own prior representation." Id.  Shurelds also alleges that "Safeco used motions practice to: (1) intimidate Plaintiff, a disabled pro se litigant; (2) increase his cost and burden; and (3) avoid adjudication on the merits." Id.  He claims that Defense counsel for Safeco expressly stated that Safeco would "vigorously fight" against his claim, "reflecting an intent to exhaust and punish rather than litigate in good faith." Id.

Based on these allegations, Shurelds brings eight claims: (1) bad faith insurance practices pursuant to 42 Pa. C.S. § 8371; (2) fraudulent misrepresentation; (3) negligence; (4) malicious prosecution; (5) abuse of process; (6) civil rights violations pursuant to 42 U.S.C. § 1983; (7) civil conspiracy pursuant to 42 U.S.C. § 1985; and (8) retaliation under the Americans with Disabilities' Act (ADA) pursuant to 42 U.S.C. § 12203.  See Docs. 69-1, 69-2, 69-3.

### III.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for failing to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12 (b)(6).  A complaint must contain a "short plain statement of the claim showing that the pleader is entitled to relief" sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it

rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. To survive a motion to dismiss, a complaint must include sufficient factual matter, taken as true, to show that the claim is facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556); see also Dietz v. Liberty Mut. Ins. Co., No. 20-cv-1239, 2020 WL 3414660, at *1 (E.D. Pa. June 22, 2020) (citing Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011)) ("In considering a motion to dismiss, the court must accept all well-pleaded allegations as true and construe them in the light most favorable to the plaintiff."). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not meet this burden. Iqbal, 556 U.S. at 678.

Shurelds in this matter is proceeding pro se. "The obligation to liberally construe a pro se litigant's pleadings is well-established." Higgs v. Att'y Gen. U.S., 655 F.3d 333, 339 (3d Cir. 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)); Haines v. Kerner, 404 U.S. 519, 520–21 (1972). "Courts are to construe complaints so 'as to do substantial justice,' keeping in mind that pro se complaints in particular should be construed liberally." Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004) (citation omitted). "Liberal construction does not, however, require the Court to credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'" Grohs v. Yatauro, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). "[T]here are limits to [the courts'] ... flexibility . . . and . . . "pro se litigants still

must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

## IV.    DISCUSSION

### A. Shurelds' bad faith insurance practices claim raised in his Second Amended Complaint is deficient and is dismissed.

Under Pennsylvania law, a party may recover certain damages if an insurer acted in bad faith. See 43 Pa. Con. Stat. Ann. § 8371 (1990). To establish a bad faith insurance claim under section 8371, a plaintiff must establish "by clear and convincing evidence, (1) the insurer did not have a reasonable basis for denying benefits under the policy, and (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis in denying the claim." Rancosky v. Washington Nat'l Ins. Co., 170 A.3d 364, 365 (Pa. 2017). Importantly, "the manner in which insurers discharge their duties of good faith and fair dealing during the pendency of an insurance claim" formulates a § 8371 bad faith claim. Wolfe v. Allstate Prop. & Cas. Ins. Co., 790 F.3d 487, 499 (3d Cir. 2015) (quoting Berg v. Nationwide Mut. Ins. Co., 44 A.3d 1164, 1178 (Pa. Super. Ct. 2012)). The Pennsylvania Superior Court has defined insurance bad faith generally as:

> [A]ny frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e. good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

1009 Clinton Props., LLC v. State Farm Fire & Cas. Ins. Co., No. 18-5286, 2019 WL 1023889, at *4 (E.D. Pa. Mar. 4, 2019) (quoting Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994)).

In this case, Shurelds claims that Safeco engaged in bad faith insurance practices by: (1) recycling "previously denied allegations in subsequent proceedings;" and (2) "advancing knowingly false timelines, reus[ing] claim numbers, and ignor[ing] documentary proof contradicting their position." Doc. 69-1. However, Shurelds fails to identify with any specificity what benefits were rejected, the date of the alleged loss, what "timelines" were false, and what documentary proof was ignored. See Toner v. GEICO Ins. Co., 262 F. Supp. 3d 200, 208 (3d Cir. 2017) (citation omitted) (regarding a motion to dismiss, "[a] plaintiff cannot merely say that an insurer acted unfairly but instead must describe with specificity what was unfair.").

Furthermore, the Court cannot decipher the specific insurance claim Plaintiff refers to as he submitted five insurance claim numbers in his original complaint, only one claim number in his First Amended Complaint, and no specific claim number in his Second Amended Complaint. Id.; see Twombly, 550 U.S. at 555 (noting pleading must give defendant fair notice of what claim is and grounds upon which it rests). Additionally, Shurelds alleges that Safeco lacked a reasonable basis for denying his claims but does not specify the claim Safeco denied or why it was unreasonable. Id. As a result, he has only provided a threadbare recital of the elements of a § 8371 claim. Because threadbare factual support cannot survive a motion to dismiss, Shurelds' bad faith insurance practices claim is dismissed.

**B. The seven additional claims are deficient and are dismissed.**

The Court only permitted Shurelds to refile his bad faith insurance practices claim with more specificity and to add claims of emotional distress and slander. See Doc. 19, 39, & 63. Nonetheless, in his Second Amended Complaint, Shurelds raises seven additional claims. Even if

these claims were properly before this Court, and the Court considered them, they are deficient and would be dismissed.

The first two new claims Shurelds raises are fraudulent misrepresentation and negligence. Shurelds previously raised these claims in his original complaint, and this Court previously dismissed these claims with prejudice for the reasons set forth in its July 29, 2025 opinion. See Doc. 19. Because Shurelds has not added any new facts to these claims in the Second Amended Complaint, these claims are dismissed.

The fourth claim is a malicious prosecution claim against Safeco for "initiat[ing] and continu[ing] civil proceedings; without probable cause and with malice and improper purpose." Doc. 69-2. Shurelds does not point to a specific civil action Safeco brought against him, so this claim is deficient. See Schmidt v. Currie, 470 F. Supp. 2d 477, 480 (E.D. Pa. 2005) (citing 42 Pa. C.S. § 8351) (explaining that for a malicious prosecution claim, i.e. a "wrongful use of civil proceedings claim," the plaintiff must plead among other things, "that he or she prevailed in [an] underlying [civil] action, . . . ."). Accordingly, this claim is dismissed.[4]

Shurelds' fifth claim is an abuse of process claim. However, Shurelds fails to point to any of Safeco's actions that perverted the legal process. See McGee v. Feege, 535 A.2d 1020, 1023

---

[4] In his Fourth Amended Complaint, Shurelds asserts a malicious prosecution claim based on allegations that Safeco instigated a criminal investigation against him for fraud. See Doc. 85 at 2. Investigating criminal allegations by itself does not "constitute the initiation of 'criminal proceedings'" for a malicious prosecution claim. See Gallucci v. Phillips & Jacobs, Inc., 614 A.2d 284, 290 (Pa. Super. 1992) (citation omitted)) (("[c]riminal proceedings are instituted when . . . [a] process is issued for the purpose of bringing the person accused of a criminal offense before an official . . . whose function is to determine whether he is guilty of the offense charged . . ..""). Accordingly, this variation of Shurelds' malicious prosecution claim is deficient and would have also been dismissed, if the Court had granted leave and considered the claim on the merits.

(Pa. 1987) ("The gist of an action for abuse of process is the improper use of process after it has been issued, that is, a perversion of it . . ..").  As a result, this claim is deficient and is dismissed.[5]

Shurelds' sixth claim is a civil rights claim under 42 U.S.C. § 1983.  Doc. 69-2 to Doc. 69-3.  "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of a" federal right "committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citing 42 U.S.C. § 1983); Groman v. Twp. Manalapan, 47 F.3d 628, 638 (3d Cir. 1995) ("[T]here is no liability under § 1983 for those not acting under color of law.").

Shurelds claims that "Safeco acted under color of law by invoking and manipulating court processes," depriving him of "meaningful access to courts; procedural due process; and equal protection."  Doc. 69-2 & 69-3.  Again, Shurelds does not point any specific action by Safeco that "invoked" and "manipulated court processes."  See Twombly, 550 U.S. at 555.  Without more, this claim is deficient and is dismissed.[6]

---

[5] Shurelds raises an abuse of process claim in his Third Amended Complaint, alleging that Tison, as Safeco's agent, "instigated criminal proceedings against him . . . by knowingly communicating false allegations" to a police officer "to terminate" his insurance claim.  Doc. 73-1.  Even if the Court had granted leave to amend and considered the merits of this claim, Shurelds has not alleged what Tison demanded other than the authorized conclusion of reporting suspicious activity to the police—an investigation into the allegations.  Di Sante v. Russ Financial Co., 380 A.2d 439, 441 (Pa. Super 1977) (citation omitted) (stating that a defendant cannot be liable for abuse of process "where [they have] done nothing more than carry out the process to its authorized conclusion . . ..'").  Thus, this claim is deficient.

[6] Shurelds also raises a civil rights claim in his Third Amended Complaint, alleging that Tison, as Safeco's agent, informed police that Shurelds may be committing fraud.  Doc. 73-2.  However, by itself, reporting allegations to the police does not convert a private party like Safeco into a state actor for purposes of § 1983.  Brown v. Patel, No. 18-cv-1242, 2019 WL 2502337 at *7 (M.D. Pa. March 13, 2019) ("[M]erely giving information to state actors is insufficient to convert a private party into a state actor for purposes of a § 1983 claim.").  As a result, this claim also fails and would have been dismissed if the Court had granted leave and considered the merits.

Shurelds' seventh claim is a civil conspiracy claim.  Doc. 69-3.  Shurelds does not specify any underlying tortious conduct by Safeco required for a civil conspiracy claim.  See Sarpolis v. Tereshko, 26 F. Supp. 3d 407, 418 (E.D. Pa. 2014) (stating that "civil conspiracy requires" a plaintiff to allege a "cause of action for some underlying tortious conduct . . . to proceed.").  As a result, this claim is deficient and is dismissed.

Finally, Shurelds raises a retaliation claim under the ADA.  Doc. 69-3.  Shurelds does not allege he was a Safeco employee.  See Krouse v. Am. Sterilizer Co., 126 F.3d 494, 500 (3d Cir. 1997) (stating that plaintiffs must show: "(1) protected employee activity; (2) adverse action by the employer . . . and (3) a causal connection between [the two]" to bring ADA retaliation).  Thus, this final claim is deficient and is also dismissed.

## IV.    CONCLUSION

The Court has given Shurelds multiple opportunities to amend his complaint.  Despite these opportunities, he has not raised anything suggesting a cognizable claim.  Accordingly, this Court finds that allowing any additional amendments is futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

For the reasons set forth above, Safeco's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is hereby **GRANTED** in its entirety, and Plaintiff's Second Amended Complaint is **DISMISSED** with prejudice.  An appropriate order will follow.